IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARL D. GORDON, | ) CASE NO. 7:15CV00058 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| GREGORY HOLLOWAY, ET AL., | ) By: Norman K. Moon |
| | ) United States District Judge |
| Defendant(s). | ) |

Carl D. Gordon, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials in the segregation unit at Wallens Ridge State Prison have violated his constitutional rights by subjecting him to unsanitary conditions. Upon review of the record, I conclude that Gordon's complaint must be summarily dismissed without prejudice.

Gordon's 159-paragraph complaint focuses on three conditions that he views as unconstitutionally unsanitary. First, the drinks served with inmates' meals are poured in the kitchen and transported without covers to the inmates' cells. Gordon describes how this practice allows officers' sweat and spittle, hairs and dust, and bacteria from officers' gloved hands to fall or wash into his beverage before it is served to him. Second, Gordon's individual razor is not marked with his inmate number to prevent others from using it. Instead, officers are to hang each inmate's razor on his designated hook by the showers. When Gordon has pointed out signs that another inmate has used his razor, the officers tell him to wash the razor before using it. Gordon asserts that as a result of this razor confusion, he "may" have contracted a serious contagious disease, such as HIV. Third, the handle of the toilet brush provided to Gordon to clean his toilet bowl has been shortened for security reasons. He complains that his hand must

thus pass below the surface of the toilet water during the cleaning process. Officers have refused his request for a rubber glove or a longer handled brush, to prevent this unsanitary practice.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* To state a constitutional claim regarding conditions of confinement, a prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citing *Helling v. McKinney*, 509 U.S. 25, 33-36 (1993) (holding that the determination of a "substantial risk" requires inquiry into the seriousness of the potential harm, the likelihood that such injury to health will actually occur, and whether the risk violates contemporary standards of decency)).

Gordon simply does not state a factual basis for finding any the challenged conditions to be of constitutional significance. He does not allege suffering any harm at all from the

2

highlighted practices. While contracting HIV or some other such disease would qualify as a serious harm, Gordon offers no indication that he suffered such harm or that he is at any substantial risk of doing so under present conditions. His nebulous worries about the dangers of current practices, and his self-serving assertions that his desired changes would be significantly safer, do not raise any of his claims from mere speculation to facial plausibility as required to state any actionable claim under *Bell Atl. Corp.*, 550 U.S. at 570.

For the stated reasons, I conclude that the action must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

ENTER: This 22nd day of June, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE