# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CARL D. GORDON, | ) | Civil Action No. 7:15-cv-00058 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GREGORY HOLLOWAY, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Carl Gordon, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging that the defendants violated his constitutional rights by not providing him adequate cleaning supplies while in segregation, which caused him to endure living in a cell with a dirty toilet.[2] The matter is before me upon the parties' cross-motions for summary judgment supported by affidavits. For the reasons set forth below, the defendants' motion for summary judgment will be granted and Gordon's motion for summary judgment must be denied.

## I. Factual Background

Gordon was confined in a segregation cell at Wallens Ridge State Prison ("WRSP") from May 3, 2012 to November 10, 2015. When he asked officers for a toilet brush with a sufficiently long handle or latex gloves such that he could clean his toilet, they refused these requests. They provided a toilet brush with its handle cut too short to be used without having to submerge his hand in the water. They told Gordon that segregated inmates could not have a toilet brush with a long handle or latex gloves because of security concerns. Gordon submitted numerous, but unsuccessful, complaints through the WRSP grievance process regarding the need for adequate cleaning supplies.

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] On August 24, 2016, I approved Gordon's motion to withdraw all damages claims with respect to beverages and razors and all claims for injunctive relief (docket no. 47).

On January 3, 2013, officers moved Gordon to cell D122, in which the toilet was filthy. Officers refused to provide Gordon with a toilet brush. He was forced to eat his food "smelling other men's feces in my toilet bowl." *See* Gordon Decl., Exh. 1 (docket no. 48). Officers did provide Gordon with cleaning supplies on January 3, 2013 but did not provide a toilet brush until January 11, 2013. Gordon complained that he needed cleaning supplies on a more regular basis. He also complained that each cell should be cleaned before an inmate is moved into it, as VDOC policy requires.

On May 8, 2013, Gordon asked for a latex glove to use while cleaning his toilet. The warden advised him that special housing offenders are to be provided with "two (2) sponges. One (1) is for general purpose cleaning and one (1) is for toilet cleaning. An officer is assigned to spray the offender's sponges with the approved disinfectant." *Id*. at Exh. 12.

Liberally construed, Gordon's remaining claim contends that while held at WRSP, he was forced to live in a cell where conditions violated his rights under the Eighth Amendment because: (1) the toilet was not cleaned before officers placed him in the cell D122; (2) the cleaning supplies provided to him were inadequate, because the toilet brush handle was too short and he did not receive a rubber glove; (3) having to continually smell the odor of feces, especially while eating, made him nauseous[3] and the dirty water would contact his skin when he used the toilet; and (4) he was forced to choose between cleaning his toilet with the provided sponges and toilet brush without gloves or enduring the smell and effects of living with an unclean toilet.[4]

---

[3] Gordon concedes that he never became ill from the smell, stating "[w]hile I did not actually vomit, I did often stop eating to avoid vomiting…" *See* Gordon Decl. at 16.

[4] I conclude that Gordon has not pled sufficient facts to establish a Fourteenth Amendment due process or equal protection claim. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (finding that a plaintiff's liberty interests were not implicated when "cells were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above"); *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003) (finding that equal protection claim requires showing that plaintiff was treated differently from "similarly situated" individuals as "a result of intentional or purposeful discrimination").

In support of their motion for summary judgment, defendants provide the affidavit of Dennis Collins, the Unit Manager of D-Building at WRSP, concerning cell cleaning equipment provided to segregation inmates. Officers provide each inmate with "two new sponges every four to six weeks for cell cleaning" and each inmate "has the opportunity to clean his cell two times per week." *See* Collins Decl. at 2 (docket no. 51). Additionally, prison staff provides the inmates "cleaning chemicals for their sponges and since July 2015, disposable gloves are provided upon request." *Id.* Gordon has responded to defendants' motion by filing his own motion for summary judgment, making the matter ripe for disposition.

## II. Analysis

### A. Standards of Review

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249.

The moving party bears the burden of proving that judgment on the pleadings is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

3

587 (1986). In considering a motion for summary judgment, the court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 322-24; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). Instead, the nonmoving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249-50).

Gordon is proceeding *pro se* and, thus, entitled to a liberal construction of the pleading. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 90-95 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A court considering a motion [for summary judgment] can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. *See Fisher v. Washington Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

## B. The Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one convicted of a crime. U.S. Const. amend. VIII. The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To make out an Eighth Amendment cruel and unusual punishment claim, a plaintiff must satisfy two prongs: first, "the deprivation of [a] basic human need was objectively sufficiently serious" and, second, "subjectively the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)).

In the context of conditions-of-confinement claims, to determine if a deprivation is sufficiently serious as to satisfy the first prong, a court must evaluate the conditions in light of contemporary standards of decency, keeping in mind that the Eighth Amendment "does not mandate comfortable prisons" but only prohibits "extreme deprivations." *Shakka*, 71 F.3d at 166. To demonstrate that the conditions are "extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id*. To satisfy the second subjective prong, a plaintiff must demonstrate that the prison official acted with deliberate indifference—that the "prison official [knew] of and disregard[ed] the objectively serious condition . . . or risk of harm." *Id.*

Construing the evidence in the light most favorable to Gordon, there is not sufficient evidence from which a reasonable jury could return a verdict in his favor. *Abcor*, 916 F.2d at

930. Gordon argues that he was not given the proper cleaning supplies to clean his toilet and that living with a dirty toilet was a violation of his constitutional rights. These conditions, albeit highly uncomfortable, do not give rise to a constitutional violation. *See Wilson*, 501 U.S. at 298 ("[The Constitution] does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."). Defendants make it clear, through the Collins' declaration and the grievance responses filed by Gordon, that they followed WRSP protocol when issuing Gordon cleaning supplies. Although Gordon was not provided with the supplies he may have wanted, he was provided with cleaning supplies from his first day of confinement at WRSP.

Gordon claims that he had to endure the smell from the toilet and the potentially dangerous effects of having dirty toilet water contact his skin. Although both might very well be unpleasant conditions, Gordon does not allege that he suffered any serious injury and, because he is no longer held at WRSP, there is no risk of future injury. *Strickler*, 989 F.2d at 1381 ("[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); *see also Burgos v. Canino*, 641 F.Supp.2d 443, 460 (E.D. Pa. 2009) ("There is no case precedent awarding a prisoner judicial relief under the Eighth Amendment for having to temporarily endure a bad odor.").

No reasonable fact-finder could conclude, based on the evidence in the record, that the conditions described by Gordon were a "serious deprivation" of a basic human need or that Gordon suffered or is likely to suffer a significant physical or emotional injury. *See, e.g.*, *Shakka*, 71 F.3d at 168 (affirming summary judgment decision where the plaintiff did not present sufficient evidence that having been denied a shower for three days after having human excrement thrown at him posed "a significant risk of future serious harm"); *Smith v. Whitley*,

Case No. 17CV70374, 2018 WL 2770207, at *5 (W.D. Va. June 8, 2018) (finding no Eighth or Fourteenth Amendment violation where plaintiff was required to sleep on the floor next to a toilet and when his cellmate used the toilet, the toilet splashed urine and water onto his bed); *Gray v. V.B.C.C. Inmate Hous.*, Case No. 14CV414, 2014 WL 3420483, at *1 & n.3 (E.D. Va. July 9, 2014) (finding no constitutional violation where inmate had to sleep on the floor next to the toilet, exposing the inmate to urine and fecal matter). While at WRSP, Gordon was regularly provided with cleaning supplies. Although he may have desired a glove or a longer toilet brush, he simply chose not to use the supplies he was given.

Therefore, I conclude that Gordon has not established the serious deprivation of a basic human need required to survive summary judgment on his claim of an Eight Amendment violation.[5]

### III. Conclusion

For the reasons stated, I will grant the defendants' motion for summary judgment and deny Gordon's motion for summary judgment.

The Clerk is directed to send a certified copy of this opinion and the accompanying order to the parties.

Entered this  13th  day of June, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Defendants offer several other grounds on which they are entitled summary judgment. First, they argue that Bivens and Zook should be dismissed because they had no personal involvement in the facts as alleged by Gordon. *See* Defendants Mem. Supp. Mot. Summ. J. at 5 (docket no. 51). Second, they argue that Holloway, Ravizee, and Hinkle should be dismissed because they concern responses to Gordon's grievances. *Id*. at 6. Third, they argue that Gordon fails to state a claim upon which relief may be granted against Combs. *Id*. at 7. Fourth, they contend that the defendants are entitled to qualified immunity. *Id*. Because the Court dismisses Gordon's claims on their merits, it is unnecessary to address these additional arguments.